Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11-cv-1439 | **DATE** | 4/13/11 |
| **CASE TITLE** | United States v. Julio Sanchez (#19825-424) | | |

**DOCKET ENTRY TEXT**

Defendant's Amended Motion to Vacate, Set Aside, or Correct Sentence [6] is dismissed. Defendant's Application to Proceed *in forma pauperis* [7] and Motion for Appointment of Counsel [8] are denied as moot. The clerk is directed to send a copy of this Order to Defendant at his address of record. See statement below.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

In September 2006, Defendant Julio Sanchez, a native and citizen of El Salvador, was ordered removed to El Salvador but mistakenly removed to Mexico. In March 2007, he presented invalid permanent-resident documents and successfully gained entry to the United States through the same port through which he had been deported. Sanchez was then arrested by Chicago Police in April 2007 and pleaded guilty to delivery of a controlled substance. While awaiting trial on those charges, Sanchez was indicted by a grand jury for illegal reentry to the United States in violation of 8 U.S.C. § 1326(a) and (b)(2).

During trial, Sanchez's attorneys sought to raise a defense that Sanchez had not been lawfully deported (because he was sent to the wrong country) and that he could not therefore be guilty of illegal reentry. The Court heard argument outside of the jurors' presence and found that the country to which a person is removed is irrelevant to the issue of whether an illegal reentry had occurred within the meaning of § 1326. Accordingly, Sanchez was barred from presenting his proposed defense to the jury and denied a proposed jury instruction regarding his improper-removal theory. Trial then resumed, and the jury found Sanchez guilty. He was sentenced to seventy-seven months in prison and three years' supervised release.

On direct appeal, Sanchez argued that this Court abused its discretion by preventing him from arguing, during closing argument, that he was never properly removed from the United States. The Seventh Circuit affirmed Sanchez's conviction, agreeing with this Court's interpretation of the statute that "the location to which Sanchez was removed is irrelevant to the ultimate determination of whether he violated 8 U.S.C. § 1326(a)." *United States v. Sanchez*, 604 F.3d 356, 358 (7th Cir. 2010). The court also noted that the statute "does not require that defendants be removed in a certain way (e.g., by plane, train, or automobile) or to a certain place for removal to have taken place for its purposes." *Id.* at 359.

On March 1, 2011, Sanchez filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 in this Court. He did not use the proper form required by Local Rule 83.3(a), and the motion was stricken. Sanchez filed an Amended Motion on March 21, 2011 (on the proper form), along with a renewed application to proceed *in forma pauperis* and a motion for appointment of counsel. He presents four grounds for relief: (1) that trial counsel was ineffective for failing to file his improper-removal theory before trial; (2) that trial counsel was ineffective for failing to file a pretrial motion to suppress evidence of

# STATEMENT

his purportedly illegal deportation to Mexico; (3) that appellate counsel was ineffective for not arguing that trial counsel was ineffective for reasons (1) and (2); and (4) that he is actually innocent of the crime of unlawful reentry.

To be entitled to relief under 28 U.S.C. § 2255, a prisoner under a sentence imposed by a district court must show that the district court sentenced him "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court, a judge receiving a motion under § 2255 must conduct a preliminary review; and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *See also Gallo-Vasquez v. United States*, 402 F.3d 793, 797 (7th Cir. 2005) (affirming summary dismissal of a § 2255 petition without hearing and without requiring the government to respond because the record conclusively showed that petitioner was not entitled to relief). Here, a preliminary review of Sanchez's motion shows that it must be dismissed.

Under the Sixth Amendment to the Constitution, all defendants are entitled to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (*Strickland*). To succeed on a claim for ineffective assistance of counsel, a petition must show (1) that counsel's performance fell below an objective standard, *id.* at 688; and (2) that there is a "reasonable probability" that the results of the challenged proceeding would have been different if not for counsel's deficient performance, *id.* at 694. A petition can raise a claim of ineffective assistance of counsel for the first time in a *habeas* petition." *Massaro v. United States*, 538 U.S. 500, 509 (2003). But "[a] failure to establish either prong results in a denial of the ineffective assistance of counsel claim." *Rastafari v. Anderson*, 278 F.3d 673, 688 (7th Cir. 2002).

Each of Sanchez's four purported grounds for relief is based on his contention that his removal to Mexico (rather than El Salvador) was unlawful such that he was not guilty of illegal reentry. This theory was presented to this Court during trial and to the Seventh Circuit on direct appeal. In both instances, it was expressly rejected. Counsel cannot be considered to have rendered objectively deficient performance for not raising an untenable argument sooner. The Sixth Amendment does not require counsel to press meritless arguments before the court. *Lilly v. Gilmore*, 988 F.2d 783, 786 (7th Cir. 1993). Thus, Sanchez is not entitled to relief. His Amended Motion is dismissed.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, a certificate of appealability must be issued or denied when the district court enters an adverse decision to the movant. A certificate of appealability can be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A certificate should issue if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Sanchez merely presents a theory of statutory interpretation that was rejected by this Court and by the Seventh Circuit and presents no authority in support of his interpretation. Accordingly, a certificate of appealability will not be issued by this Court.